HARGETT *v.* MILLER.

5-2746                                                      361 S. W. 2d 83

Opinion delivered October 8, 1962.

[Rehearing denied November 12, 1962.]

*Melvin E. Mayfield* and *W. A. Speer,* for appellant.

*Mahony & Yocum,* for appellee.

NEILL BOHLINGER, Associate Justice. This case involves an accounting between two partners, E. W. Hargett, the appellant here, and Dr. J. W. Miller, who is the appellee. The partnership was formed for the purpose of erecting and operating a motel at Lake Village, Arkansas.

Sometime prior to June, 1955, the appellant had procured a verbal option on a piece of property upon which he desired to erect a motel. He cleaned off the property and poured the footings for the building but being unable to exercise his option or erect the buildings, he formed a partnership with his brother-in-law, the appellee, for the accomplishment of these purposes.

Thereafter the parties decided to finance the venture by borrowing $30,000.00 from a bank in El Dorado and to this end the appellee made a note for $21,000.00 secured by a mortgage on property owned by him, and the appellant, Mr. Hargett, made a note for $9,000.00 secured by property owned by him and each partner signed the other's note.

There seems to have been no written agreement between the parties but it was agreed that Mr. Hargett would build the motel and operate it when finished. The appellee, Dr. Miller, was to continue to practice medicine and pay a monthly installment of $825.00 on the indebtedness at the bank each month until the motel was in operation and funds were thereby in hand to make the monthly payments and Dr. Miller would be reimbursed, as the conditions at the motel permitted, for the monthly payments he had made. In due time the motel was constructed and opened for business with 12 units and later 8 additional units were built.

In June, 1957, the motel was sold for $120,000.00 and with that money in hand the partners paid off the balance of the loan at the bank in El Dorado in the sum of $11,920.80, reimbursed Dr. Miller, the appellee, the monthly loan payments made by him and discharged an obligation of the partnership to Mr. W. C. Lovett in the sum of $53,417.75. The parties to the partnership were unable to agree as to the division between them of the remaining money. The appellant contended that he was (a) entitled to reimbursement for his expenditures, prior to the partnership, in preparing the property which the partnership took over, (b) and further that he was entitled to be paid for the expense of operating his personal truck

while using it in the construction and operation of the partnership's business, (c) that he was entitled to compensation for the work and labor performed by him after the formation of the partnership in the construction of the 20 units which comprised the motel, (d) and that the appellee, Dr. J. W. Miller, was not entitled to interest on the monthly payments made by him to the First National Bank of El Dorado where the original loan for the partnership was procured.

The solution of the problems presented here has been hampered at every stage by an absence of records, or inadequately kept records, but through many days of trial, which dealt in large part with minutia, the learned chancellor has ably stated an account between the parties hereto.

The appellant contends, however, that the court erred in holding that he was not entitled to reimbursement for his expenditures prior to the formation of the partnership. On that point we agree with appellant. There is testimony that the appellant spent $2,398.96 preparing the lots for the motel and starting the foundations. This was work which was necessary for the purposes of the partnership and had it not been done then, it would have to have been done subsequently and the partnership would have borne that cost in any event. Since it was cash expended for the partnership, the appellant is entitled to one-half of the $2,398.96, or $1,199.48. Ark. Stats. (1947) Anno., § 65-118: "(a) Each partner shall be repaid for his contributions, * * *."

On his second point the appellant contends that he was entitled to payment for the expenses of operating his personal truck while used in the construction and operation of the partnership business and for the depreciation of same while so used. On this point we do not agree. On appellant's point three which is that the trial court erred in holding that the appellant is not entitled to compensation for the work and labor performed by him after the formation of the partnership in the construction of the original twelve units and the additional eight units, we do agree.

The use of appellant's truck and the time for his labor are well covered by § 65-118, Ark. Stats. cited *supra*, sub-paragraph (f) : "No partner is entitled to remuneration for acting in the partnership business, . . ." Hargett was acting in the partnership business and, in the absence of an agreement to the contrary, is not entitled to payment either for the use of his truck or for his personal time.

Appellant further urges that the trial court erred in holding that the appellee, Dr. J. W. Miller, was entitled to interest on the payment of the monthly installments by him to the First National Bank on the obligation of the partnership. In this he is correct. Under the Uniform Partnership Act, § 65-118, cited *supra*, sub-paragraph (d) provides : "A partner shall receive interest on the capital contributed by him only from the date when repayment should be made."

The original agreement was that Miller would be repaid when the business of the motel would produce enough money for that purpose. That time does not appear to have arrived, but the motel was sold and that was the time for Miller to be, and he was, paid. Hence no interest on his monthly payments to the bank should have been allowed.

Taking the excellent compilation of the learned chancellor, we have amended it in conformity with the conclusion cited *supra* and it now appears in this form.

| | |
|---|---|
| Sale price of Motel | $120,000.00 |
| Cash in cash drawer (admitted by Hargett) | 300.00 |
| Cash in cash drawer (additional amount found by chancellor from testimony) | 2,035.39 |

A—TOTAL ASSETS OF PARTNERSHIP $122,335.39

Payments from Assets :

(1)  To Lovett in discharge of loan      53,417.75

  (2) To Bank in discharge
    of loan      11,920.80

  (3) To Hargett in addi-
    tional salary    2,219.91

  (4) To Miller, reimburse-
    ment for loan payments
    and other advances  20,875.00

  (5) To Miller, interest on
    advances beyond capital  92.23

  (6) Cash paid for property
    improvement by Har-
    gett (capital contribu-
    tion)       2,398.96

B—TOTAL OBLIGATIONS .................................... 90,924.65

C—BALANCE TO DIVIDE ............................. 31,410.74

D—AMOUNT DUE EACH PARTNER
  FROM BALANCE ........................................$ 15,705.37

Amount due Miller from above calculation:

  (4) Reimbursement for loan
    payments and other
    advances    $20,875.00

  (5) Interest on advances
    beyond capital    92.23

  (D) Amount due Miller
    from balance    15,705.37

E—TOTAL DUE MILLER ........................................$ 36,672.60

  Amount in Miller's possession 36,912.25

F—OVERPAYMENT TO MILLER ....................$  239.65

Amount due Hargett from above calculation:

  (3) Additional salary  $ 2,219.91

(6) Cash paid (capital contribution)      2,398.96

(D) Amount due Hargett from balance      15,705.37

G—TOTAL DUE HARGETT ........................$ 20,324.24

Amount in Hargett's possession      20,084.59

H—BALANCE DUE HARGETT ........................$      239.65

It thus appearing that appellant, Hargett, is entitled to recover the sum of $239.65 from appellee, Miller, judgment here is rendered in that amount. The appellant will also recover his costs.